CAROLINE HESS *et al.* v. W. W. TRIGG *et al.*

(Filed April 10, 1899.)

1. CONVEYANCE—*Acknowledgements—Statute Construed.* The Statutes of 1890, upon the subject of "Conveyance" and that upon "Transfers," which provides different modes of acknowledgment, which were afterward incorporated in the Statutes of 1893, are each, when conformed to, effective, and, inasmuch as they relate to the same subject-matter, they should be construed together, and effect given to each.

2. SAME—*Construction—Rule.* The rule above stated ought especially to be held where statutes relating to the same subject-matter have been enacted at the same legislative session, rather than to infer that one of the statutes was meant to destroy the other.

3. STATUTE—*Time of Taking Effect.* The first legislative assembly of this Territory having "ended on the 24th day of December, 1890,"

the provisions enacted by that legislative assembly relative to transfers and conveyances of real estate each went into effect upon the 25th day of December, 1890.

4. MORTGAGE — *Execution* — *Proof of Instrument.* The execution of a mortgage is just as good between the parties without an acknowledgement, since the acknowledgement simply has reference to the proof of execution, and not to the effective force of the instrument.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*Gould & Marsh,* for plaintiffs in error.

*Hobbs & Kane* and *Blake & Blake,* for defendants in error.

## STATEMENT OF THE CASE.

Action by W. W. Trigg and William H. Trigg against Caroline Hess and Louis Hess on a promissory note and for the foreclosure of a mortgage upon real estate given to secure the payment of the debt evidenced by the note. The mortgage purports to have been given by the plaintiff in error and her husband and co-defendant, Louis Hess. She denied, under oath, the execution of either the note or the mortgage sued upon, and this presented the issue. The acknowledgment is in the following terms:

"Territory of Oklahoma, County of Canadian, ss.

On this 14th day of July, 1893, before me, the undersigned, a notary public in and for said county, personally appeared Louis Hess and Caroline Hess, his wife, to me personally known to be the identical persons who executed the foregoing mortgage, and acknowledged that they executed the same as their free and voluntary act and deed, for the uses and purposes therein set forth. My term as register will expire on the first day of January, 1895.

Witness my hand and official seal the day and year first above written. Chas. Rider, Register of Deeds for Canadian county, Oklahoma."

The mortgage and note purported to have been executed by the plaintiff by signing her mark. A jury was impaneled in the cause for the determination of the questions as to (1) whether the plaintiff signed the mortgage sued upon; (2) whether she signed the note sued upon in the action; and (3) whether she acknowledged the execution of the mortgage sued upon. Upon the offer of the mortgage in evidence, it was objected to by the plaintiff in error, for the reason that "it is not acknowledged or purported to be acknowledged in the manner provided by the statutes;" which objection was overruled, and exception reserved. Affirmed.

Opinion of the court by

McATEE, J.: It is contended by the plaintiff in error that the acknowledgement was not in compliance with the statute. The acknowledgement was made, if at all, under the statutes of Oklahoma of 1890, which were re-enacted in the Stautes of 1893. It is provided in section 10, ch. 21, p. 378, Statutes 1893, title "Conveyances," that, "if any one signs the instrument acknowledged by mark, the officer taking the acknowledgement shall in addition to the above form, also certify that he read the instrument over to the party, so signing by mark, and explained the contents thereof fully to him, or her, and that after such explanation he, or she, acknowledged it." It is contended, since the acknowledgement is not in the form here prescribed, that the execution of the instrument was not valid or binding. And it is further contended that a register of deeds was not such an officer as could

take an acknowledgment of an instrument affecting title to real estate, in as much as the following section 11 of chapter 21 provides the officers before whom such an acknowledgment could be taken, and does not include the "register of deeds."

The Statutes of 1890 contained also a chapter upon "Transfers," which was re-enacted and included in the Statutes of 1893, and which provides, in section 21, ch. 82 p. 1158, thereof, that the "officer taking the acknowledgement of an instrument must indorse thereon or attach thereto a certificate substantially in the forms hereinafter prescribed: Territory of ——————————or State of ————————————, County of ——————————, ss: On this ————— day of —————————, in the year —————, before me, personally appeared ——————————, known to me or proved to me on the oath of ——————————, to be the person who is described in, and who executed the within instrument, and acknowledged to me that he (or they) executed the same." And it is also provided in section 11, ch. 82, p. 1156, that "the proof or acknowledgement of an instrument may be made in this Territory within the judicial district, county, sub-division, or city, for which the officer was elected or appointed, before either *  *  third, a register of deeds."

It is contended that the latter act took effect upon the 24th day of December, 1890, while the former act, chapter upon conveyances, took effect upon the 25th day of December, 1890, and that the chapter on transfers was repealed by the taking effect of the chapter upon conveyances; since where there are two statutes on the same subject passed at different dates, and it is plain, from the substance of the last, that it was intended to govern the whole subject, and be a complete and perfect

system or provision in itself the last must be held to be a legislative declaration that whatever is embraced in it shall prevail, and whatever is excluded is discarded and repealed.

We cannot hold that this proposition is applicable to the facts as they are presented. While the statutes upon conveyances and that upon transfers provide for different modes of acknowledgement, we think that either of the forms of acknowledgement provided should be accepted as effective; and that, in as much as they relate to the same subject-matter, they should be construed together, and effect be given to each. This rule especially ought to be held, if possible, where statutes relating to the same subject-matter have been enacted at the same legislative session, as in this case, rather than to infer that one of the statutes was meant to destroy the other. (23 Am. & Eng. Enc. Law, p. 311, and cases there cited.)

We do not think that a repeal of a statute should be implied by the mere enactment of another statute providing a different method of doing the same thing, unless the method provided in the latter statute is irrreconcilable with, and destructive of, the method provided in the former statute for doing the same thing. A wiser method, and one more in conformity with the law, is to construe the statutes so as to give harmony in the legislation upon the subject, upon the supposition that the legislature meant each to be effective, and merely that different methods were intentionally adopted by the legislature of doing the same thing. (End. Interp. St. sec. 210.)

But we think it more probable in this case that both statutes were adopted by the legislature, that body not having observed or intended any inconsistency between the statutes thus adopted.

It is also contended that since the chapter on conveyances in the Statutes of 1890 shows, by its preliminary bracketed clause, that it "took effect December 25, 1890," and that the authentication of the Statutes of 1890 by the secretary of the Territory shows that the act upon transfers took effect on the 24th day of December, 1890, the enactment of the latter statute is a "legislative declaration that the chapter on transfers was and is repealed." We do not find the authentication by the secretary of the Territory to be in those terms, since it states only that the legislative assembly "ended on the 24th day of December, 1890." If there were express evidence in the Statute that the chapter on transfers took effect on the 24th day of December, 1890, we could not yet sustain the position contended for. It was provided in the act of congress organizing this Territory, and embodied in the Organic Act, that certain chapters of the Compiled Laws of the state of Nebraska should be "extended to and put into force in the Territory of Oklahoma, until after the adjournment of the first session of the legislative assembly." One of the chapters of the Laws of Nebraska so extended to and put in force in the Territory by congress was a chapter upon "Real Estate," which regulated the conveyance and transfer of real estate, and provided for their acknowledgment. (Organic Act, sec. 11.)

The first legislative assembly adjourned on the 24th day of December, 1890, during all of which day the Laws of Nebraska, as provided by the Organic Act, were in force upon the subject here in hand, and the laws passed by the legislative assembly, which were to supersede the provisions of the Organic Act, did not go into effect until the 25th day of December, 1890, so that the chapter

on conveyances and the chapter on transfers, including the provisions recited above, went into effect at the same time, namely, upon December 25, 1890, so that no inference can be drawn from the fact that one of these chapters was enacted subsequent to the other, even if any evidence existed in the records, or in the law, that such was the case. But even if the chapter on conveyances was later than the chapter upon transfers, and the latter was thereby abolished, and if it should be admitted that the certificate of acknowledgment was not in the form provided by the statute, yet that fact does not invalidate the execution of the mortgage; for an imperfect acknowledgment, or even a total want of it, will not affect the validity of a conveyance of real estate, as between the parties. The mortgage, if in fact it was executed, was just as good between the parties without the acknowledgment, since the acknowledgment has reference simply to the proof of execution, and not to the effective force of the instrument. (*Gray v. Ulrich*, 8 Kan. 122; *Arn v. Mathews*, [Kan. Sup.] 18 Pac. 65; *Munger v. Baldridge*, [Kan. Sup.] 21 Pac. 159.)

The question as to the execution of the mortgage was submitted to a jury in this case, whose special finding, in reply to an interrogatory proposed to them, declared that the plaintiff in error did sign the note and mortgage sued upon in the action, and did acknowledge the execution of the mortgage. The judgment of the court below will therefore be affirmed.

Tarsney, J., having presided in the court below, not sitting; all of the other Justices concurring.