# FRANK E. GARTON *et ux* v. HUDSON-KIMBERLY PUBLISHING COMPANY.

### (Filed Aug. 24, 1899.)

1. CONVEYANCES — *Acknowledgment — Statute Relating to.* While the statute upon "Conveyances" (Section 10, ch. 21, p. 377, St. 1893,) and the statute upon "Transfers" (Section 21, ch. 82, St. 1893,) provide different modes of acknowledgment, they are each, when conformed to, effective and sufficient.

2. STATUTES—*Construction.* In as much as these statutes relate to the same subject-matter, they should be construed together, and effect given to each, and this rule should be especially held where statutes relating to the same subject-matter have been enacted at the same legislative session, rather than to infer that one of the statutes was meant to destroy the other.

3. MORTGAGE—*Acknowledgment—Omission—Rule Applied.* The acknowledgment to the mortgage sued upon in this action was regular in all respects, except that it provided as follows: "And each for themselves acknowledge the execution thereof to be —— free and voluntary act for the purposes named." *Held*, that the omission of the word "their" does not make the acknowledgment void.

4. SAME—*Certificate—Sufficiency.* A substantial, and not a literal, compilance with the statute in the certificate of acknowledgment to a deed or mortgage of real estate is all that the law requires; and although words not in the statute are used in the place of others, or words in the statute are omitted, yet if the meaning of the words used in the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, District Judge.*

*Sidney Denham* and *Fulton & Chambers,* for plaintiffs in error.

*J. P. Allen, Selwyn Douglas* and *McGregor Douglas,* for defendant in error.

Action by the Hudson-Kimberly Publishing company against Frank E. Garton and wife. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

### STATEMENT OF THE CASE.

This was an action in the district court of Oklahoma county, brought by the Hudson-Kimberly Publishing company against Frank E. Garton and Lizzie D. Garton, his wife, to recover judgment upon a promissory note, and for the foreclosure of a mortgage upon 110 acres of land, dated August 9, 1894, due three years after date, payable to the order of John H Scott, for $1,000, bearing interest at 6 per cent. per annum from maturity, and 10 per cent. additional as attorney's fees if the note was placed in the hands of an attorney for collection. The note and mortgage were signed by Frank E. Garton and Lizzie D. Garton, and were transferred by indorsement without date to the plaintiff company, for value. It is charged and admitted that the defendants afterwards executed the following instrument:

"OKLAHOMA CITY, Dec. 12, 1895.

"We, the undersigned, hereby state that the word 'maturity' appearing in a certain note and mortgage from Frank E. Garton and Lizzie D. Garton to John H. Scott on the 9th day of August, A. D. 1894, should be

changed to 'date.' The word was inadvertently left in at the time the mortgage and note were drawn.

  "[Signed]                         FRANK E. GARTON.

                                    "LIZZIE D. GARTON."

The last named instrument was indorsed:

"Filed for record this 7th day of April, 1896, at 10:20 o'clock a. m., and recorded in Book 6, page 349.

  "[Signed]                          G. A. BEIDLER,

                              " Register of Deeds."

It was declared in the petition that at the time of making and delivering the note and mortgage it was the express understanding and agreement of the mortgagors and payors and payee of said note that the note should read "6 per cent. per annum from date," and that the word "maturity" was inadvertently left in the face of the note, when it should have been erased, and the word "date" inserted in lieu thereof; that to make the correction, and for the purpose of carrying out the agreement and full intent of the parties, as originally designed and intended, the said Frank E. Garton and Lizzie D. Garton, on the 12th day of December, 1895, signed and delivered the written instrument, thereby acknowledging the original agreement, and asking that the word "maturity" in the face of the note be changed to the word "date," and that the statement was filed for record, and duly recorded with the mortgage deed, and it was admitted in evidence at the trial of the cause, over the objections of the defendants. The petition asked judgment for $1,000, with interest at 6 per cent. from August 6, 1894, and for the further sum of $100 as attorney's fees, and for foreclosure of the mortgage on the

lands. The petition also shows that at the time the mortgage was made and delivered, and ever since that time, it was used and claimed by the defendants as their home. The defendants demurred generally that the petition did not contain facts sufficient to entitle the plaintiff to a judgment of foreclosure. The demurrer was overruled. The defendants each then filed their separate answers, denying generally, and declaring that the land was the homestead of the plaintiffs in error, and setting up, respectively, that they each executed the note and mortgage under duress, and that the execution was procured by fraud. Lizzie D. Garton denied also that she executed the note and mortgage sued on, but said that "in order, as she believed, to save her husband trouble, * * she signed the said note and mortgage." After the plaintiff and defendant had introduced their testimony, the court, upon the application of the plaintiff, directed the jury to return a verdict for the plaintiffs for the amount of the note sued upon, principal and interest, in the sum of $1,270, and $125 attorney's fees, whereupon the verdict was returned as directed. Motions for a new trial were made and overruled, and judgment entered for these amounts, with foreclosure. The acknowledgment of the mortgage which is attacked is as follows:

"Territory of Oklahoma, County of Oklahoma, ss.:

"Before W. H. Ebey, a clerk of the district court in and for the above-named county and Territory, on this 9th day of August, 1894, personally appeared Frank E. Garton and Lizzie D. Garton, his wife, to me known to be husband and wife, and executed the above conveyance of land, the southwest quarter of section 31, township 12

north, of range 3 west I. M., and each for themselves acknowledge the execution thereof to be —— free and voluntary act, for the purposes named.

"Witness my hand and official seal the date above written.

"W. H. EBEY, Clerk of the District Court."

The homestead character of the lands was admitted.

Opinion of the court by

McATEE, J.: It is declared in section 10, ch. 21, p. 377, Statutes 1893, on "Conveyances," that:

"Acknowledgements of all instruments affecting real estate shall be in the following form:

" 'Territory of Oklahoma, County of —————, ss.

" '—— before me, —— a —— in and for the above named county and Territory, on this —— day of ——, 189—, personally appeared ———— and ———— to me known (or proven) to be husband and wife, and executed the above conveyance of lands to me known (or proven) to be the homestead (or known to me, or proven not to be the homestead) of the grantors and each for themselves acknowledged the execution thereof to be their free and voluntary act for the purposes named.

" '————————.
" '————————.

" 'Witness my hand and official seal the date above written. * * Provided further, the notary shall certify as follows: 'The grantor is known (or proven) to me to be single or unmarried, or that the parties are known (or proven) to me to be husband and wife, and the land conveyed is known (or proven) to me to not be the homestead of the grantor (as the case may be.)' "

And it is also provided by section 20, p. 380, of the same chapter, that:

"All instruments conveying or affecting the title to the homestead exempted by law to the head of a family, shall be void unless the husband and wife sign and acknowledge one and the same joint instrument conveying the same."

And it is also provided, in section 21, ch. 82, of the Statutes of 1893, on "Transfers," that:

"An officer taking the acknowledgment of an instrument must indorse thereon or attach thereto a certificate substantially in the forms hereinafter prescribed:

"First. Such certificate of acknowledgment, unless it is otherwise in this article provided, must be substantially in the following form:

"'Territory of ———— or state of ————, County of ———— ss. On this —— day of —— in the year ——— before me personally appeared ————, known to me or proved to me on the oath of —— to be the person who is described in, and who executed the within instrument, and acknowledged to me that he (or they) executed the same.'"

It is contended that, since the lands were admitted to be the homestead of the grantors, under the provision of the statute upon "Conveyances" the certificate must contain the recital that the lands were known or proven to be or not to be the homestead of the grantors, and that such a certificate is essential to the validity of the mortgage. The statute upon "Conveyances" and that upon "Transfers," while contained in separate chapters, were each a part of the Statutes of the Territory of 1890, and each went into effect upon the 25th day of December, 1890, and were readopted as a part of the Statutes of 1893.

It has been heretofore held by this court in *Hess v. Trigg*, this volume, p. 286, 57 Pac. 159, that, while these statutes provide different modes of acknowledgment, each were afterwards incorporated in the Statutes of 1893, and that they are each, when conformed to, effective, and that, inasmuch as they relate to the same subject-matter, they should be construed together, and effect given to each; and that this rule should especially be held where statutes relating to the same subject-matter have been enacted at the same legislative session, rather than to infer that one of the statutes was meant to destroy the other    The acknowledgment which is challenged in the discussion fully conforms to the acknowledgment required in the statute upon transfers. The husband and wife have joined in making the mortgage; have signed and acknowledged it, conveying the land in dispute, for the purposes mentioned; and the statute of the Territory is, therefore, fully complied with, which provides in section 20, ch. 21, p. 380, Statutes 1893, that: "All instruments conveying or affecting the title to the homestead exempted by law to the head of the family, shall be void, unless the husband and wife sign and acknowledge one and the same joint instrument conveying the same."

It is contended, in the second place, that the acknowledgment is imperfect, inasmuch as it provides only that, "And each for themselves acknowledge the execution thereof to be ———— free and voluntary act for the purposes named," and that the omission of the word "their," and the omission to so fill up the blank in the deed, is fatal to its execution, and that the deed was therefore

void.    We cannot sustain this contention.    The rule
is that a substantial, and not a literal, compliance with
the statute in the certificate of acknowledgment of a deed
or mortgage of real estate is all that the law requires, and
that, although words not in the statute are used in the
place of others that are, or words in the statute are
omitted, yet if the meaning of the words used is the
same, or they represent the same fact, or if the omission
of a word or words is immaterial, or can be supplied by
a reasonable or fair construction of the whole instrument,
the certificate will be held sufficient.    (*Belcher v.
Weaver*, 46 Tex. 293; *Schley v. Car Co.*, 120 U. S. 575, 7
Sup. Ct. 730; *Bank v. Rauch*, [Idaho] 51 Pac. 764.)

In *Donahue v. Mills*, 41 Ark. 421, the certificate of
acknowledgment was held good, the latter part of which
read as follows:    "And I do further certify that this day
voluntarily appear before me ——, to me well known
as the person whose name appears upon the within and
foregoing deed, and in the absence of ——, said hus-
band, declared that —— had of her own free will exe-
cuted the foregoing deed;" and it was held to show due
acknowledgment by the wife.

In *Dickerson v. Davis*, 12 Iowa, 353, the word "his" be-
fore the words "free and voluntary act" was omitted.
The acknowledgment was held to be good.

In *Gray v. Kauffman*, 82 Tex. 65, 17 S. W. 513, the
word "her" before the words "act and deed" was omitted.
This also was held to be good.

The certificate of acknowledgment in the present case
declares that Frank E. Garton and Lizzie D. Garton, his

wife, personally appeared before the officer; that they were known to him to be husband and wife; that they executed the conveyance of the land, describing it; and that "each for themselves acknowledge the execution thereof to be ———— free and voluntary act for the purposes named." The essential statements are all here. In the absence of authority, we should say that the words "each for themselves adequately expressed the meaning of the latter clause of the acknowledgment, The defect, however,—for it is still a defect,—is obviously mere clerical error, and it is sufficient, the necessary facts being expressed in other words. (1 Am. & Eng. Enc. Law [2d Ed.] 547.)

But this is an action between Garton and his wife themselves and the assignee of the mortgagee, and it has been held by this court that an imperfect acknowledgment, or even a total want of it, will not affect the validity of a conveyance of real estate as between the parties, and that the mortgage, if in fact it was executed, was just as good between the parties without the acknowledgment since the acknowledgment has reference simply to the proof of execution, and not to the effective force of the instrument. (*Hess v. Trigg*, this volume, p. 286, 57 Pac. 159.)

And this applies to mortgages as well as to grants of land, since it is specifically provided by the Statutes 1893, sec. 7, ch. 51, that "mortgages of real property may be acknowledged or proved, certified, and recorded in like manner and with like effect as grants thereof." There was no question concerning the execution of the instrument, since Garton and his wife each in their separate

answers acknowledged the execution of the instrument, she saying that she did so "in order, as she believed, to save her husband trouble, * * she signed the said note and mortgage." It may be observed that the defense set up in the separate answer of each of them was that the mortgage was executed under duress,—a defense which is abandoned in the discussion in the briefs, the defendants now relying upon the defenses herein reviewed.

It is contended that the court erred in admitting evidence, over the objections of the defendants, of the memorandum of agreement signed by the defendants, and dated December 12, 1895, wherein it was attempted to change the word "maturity" to the word "date" in the note and mortgage sued on, for the reason that the statement was not signed and acknowledged by the parties so as to make the same a part of the mortgage, and to bind the parties to the mortgage as against their homestead rights. We think this contention would be good if set up by third parties whose interests were admitted to be affected by the subsequent admission of the parties, but the admission was undoubtedly made at the time of its execution with a genuine intention not to alter the mortgage to make it express something which was not originally intended; but intended to restore to it the meaning which was meant by the parties at the time of its execution by substituting the word "date" for the word "maturity," and thereby provide that the debt should accumulate interest from the time of the execution of the note and mortgage, as the parties thereto had originally intended. This was expressly and fully charged in the petition, to which the memorandum of

December 12, 1895, was annexed as an exhibit, and it was a question directly in issue, and passed upon and included in the verdict. We think it was not error to admit the agreement in evidence, and permit the jury to pass upon it in the case as between the parties.

It is again advanced for error that the court erred in entering judgment for the plaintiffs for the sum of $125, attorney's fees. The prayer of the petition limited the request for attorney's fees to $100, and the amount of $125 included in the verdict was, therefore, erroneous; but this can be corrected, as is requested by the plaintiffs in error in their brief, if the court should determine the other issues against them, and the judgment reformed; and it is directed that the judgment rendered in the court below be affirmed, except that the defendant in error take judgment for the sum of $100 attorney's fees, instead of the sum of $125, which was, no doubt, a matter of inadvertence at the time of the rendition of judgment.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.