Hunter, County Treasurer, v. State ex rel. City of Shawnee.

The plaintiffs in error having taken all of the necessary steps to perfect their appeal, and petition in error having been filed in this court within due time, jurisdiction o fthis case attached, and the jurisdiction of this court cannot be defeated by an erroneous declaration that no such jurisdiction existed. Such a decision would be a denial of justice and would deprive litigants of their property without due process of law.

The motion to set aside the order recalling the mandate will be overruled, and the case retained for a decision on its merits.

SHARP, Vice C. J., and TURNER, J., concur; THACKER, J., concurs in conclusion; KANE, C. J., dissents.

---

HUNTER, *County Treasurer*, v. STATE *ex rel.*
CITY OF SHAWNEE.

No. 7214. Opinion Filed January 11, 1916.

(154 Pac. 545.)

1. **TAXATION—Delinquent Taxes—Interest, Penalties, and Forfeitures—Disposition.** By section 2, art. 3, c. 43, Sess. Laws 1895, p. 220, amending section 1, art. 10, c. 70, Stat. 1893, and by scetion 3, art. 9, c. 32, Sess. Laws 1897, p. 257, it was provided that all interest, penalties, and forfeitures upon delinquent taxes should be paid into the county sinking fund.

2. **SAME—Repeal of Statute.** Said provisions were not repealed by Act March 12, 1897 (Laws 1897, c. 32, art. 4), sec. 1, amending section 2, art. 3, c. 43, Sess. Laws 1895.

3. **STATUTES—Construction—Laws Enacted at Same Session.** Where statutes relating to the same subject-matter have been enacted at the same legislative session, they should be construed together as **in pari materia,** so that effect may be given to each, rather than to infer that one of such statutes was meant to destroy the other.

4.    **STATUTES—Construction—Usage.** The construction placed on the statutes by officers charged with the enforcement thereof in the discharge of·their duties at or near the time of their enactment, which has long been acquiesced in, is a just medium for their judicial interpretation.

(Syllabus by the Court.)

Sharp, J., dissenting.

*Error from Superior' Court, Pottawatomie County; Leander G. Pitman,· Judge.*

Action by the State, on the relation of City of Shawnee, a municipal corporation, against Geo. K. Hunter, Treasurer of Pottawatomie County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Chas. W. Friend* and *Clarence Robison,* for plaintiff in error.

*W. T. Williams,* for defendant in error.

HARDY, J.   The state, upon the relation of the city of Shawnee, commenced this action in the superior court of Pottawatomie county, against Geo. K. Hunter, as treasurer of said county, seeking a writ of mandamus to compel the defendant, as such treasurer, to pay over to the city of Shawnee certain penalties by way of interest that had accrued on taxes levied on property within the city·of Shawnee by said city and collected by the county treasurer.   The city of Shawnee contends that under the law it is entitled to said penalties, and that same are wrongfully retained by the defendant, while said defendant, as county treasurer, contends..that said penalties properly belong to the county sinking fund, and should be by him credited to said fund.

It is a general rule, in the absence of statutory provisions to the contrary, that interest and penalties ac-

674        SUPREME COURT OF OKLAHOMA.

Hunter, County Treasurer, v. State ex rel. City of Shawnee.

cruing upon taxes follow the tax and go to the state, county, or city, according as the one or the other is entitled to the tax itself, and in cases where two or more of these are interested in the tax such interest and penalties should be apportioned among them in the ratio of their respective shares in the tax. 37 Cyc. 1594. The natural inquiry, therefore, would be whether any disposition of the interest and penalties upon delinquent taxes has been made by legislative provision.

By section 1, art. 10, c. 70, Stat. 1893, it was provided that to all taxes, after becoming delinquent, there should be added certain penalties; but no provision was contained in the Statutes of 1893 making disposition of these penalties. This section had reference to the revenue of the territory and of counties, while the provisions regulating revenue of cities was contained in sections 9 to 16, both inclusive, art. 3, c. 14; and by section 15 of said last-named article it was provided that all taxes and assessments levied by cities should be certified to the county clerk to be placed on the tax rolls for collection, subject, to the same penalties and to be collected in like manner as other taxes. By section 2, art. 3, c. 43, Sess. Laws 1895, p. 220, section 1, art. 10, c. 70, Stat. 1893, being section 5643, was amended in reference to the time at which taxes should become delinquent, and by adding thereto certain penalties, and further providing:

"Provided, all penalties shall be credited to the county fund, and all rebates charged to the same fund."

Prior to this time the law provided that county taxes should constitute three funds, to wit, the general fund, the road and bridge fund, and the sinking fund.

Sections 5625-5627, Stat. 1893.  On the 8th day of March, 1895, the Legislature enacted article 2, c. 43, Sess. Laws 1895, pp. 216, 219, by which was created the salary fund, court fund, poor fund, road and bridge fund, supply fund, contingent fund, and sinking fund. This act was passed on the same day that the provision requiring penalties to go into the county fund was enacted, and this remained the condition of the law until 1897, when the Legislature enacted article 9, c. 32, Sess. Laws 1897, p. 257, creating sinking funds for all municipal corporations authorized by law to levy taxes; and by section 3 of said article it was provided:

"Sec. 3. All penalties, interest and forfeitures now accruing, or which hereafter may accrue to the counties on delinquent taxes, shall be turned into the sinking fund, and all rebates upon taxes allowed by the county commissioners shall be paid out of the sinking fund * * *"

At this time, by virtue of section 2, art. 3. c. 43, Sess. Laws 1895, penalties upon all taxes, territorial, county, and city, were credited to the county fund, and all rebates charged to the same fund; but, as has been seen, there was in reality at that time no county fund, as such, but the county taxes were divided up into various funds, one of which was denominated sinking fund. And by section 3, art. 9, c. 32, Sess. Laws 1897, the Legislature directed that all penalties, interest, and forfeitures and delinquent taxes should be turned into the sinking fund. Plaintiff contends that this section intended to direct that only penalties accruing on territorial and county taxes should be paid into the county sinking fund, and did not include city taxes. We do not think this contention is well taken. By section 2,

art. 3, c. 43, Sess. Laws 1895, all penalties were required to be paid into the county fund, and, there being no county fund, as such, it was the intention and purpose of the Legislature in enacting the provision in question to designate the particular fund into which such penalties should be paid, and, if it had been the intention of the Legislature to except from this provision penalties upon city taxes, it would have been an easy matter to say so, and, not having said so, it is apparent that no change in the law was meant, except to designate the particular fund into which the penalties should go. This act was approved March 3, 1897. On March 12, 1897 (Laws 1897, c. 32, art. 4), the Legislature amended section 2 art. 3, c. 43, Sess. Laws 1895, with reference to delinquent taxes, making provision for the time when taxes should become delinquent, and fixing the rate of interest that should accrue as penalties thereon, and prescribing the manner of their collection. This section, as amended, omitted the proviso which directed that all penalties, interest, and forfeitures should be credited to the county fund, and all rebates charged to the same fund; and plaintiff contends that by reason of such omission the Legislature intended a repeal thereof. It will be seen that on March 3, 1897, the Legislature in the article above referred to relating to sinking funds had directed that all penalties, interest, and forfeitures should be turned into the county sinking fund; and the act of March 12, 1897, which omitted the proviso in the act of 1895, was passed at the same session of the Legislature.

The question, then, is whether by the act of March 12 it was intended to repeal the act of March 3, 1897. We do not think so. The rule of statutory construction

is that, where statutes relating to the same subject-matter have been enacted at the same legislative session, they should be construed together as *in pari materia*, so that effect may be given to each, rather than to infer that one of the statutes was meant to destroy the other. *Hess v. Trigg et al.*, 8 Okla. 286, 57 Pac. 159; *Garton et ux. v. Hudson Kimberley Pub. Co.*, 8 Okla. 631, 58 Pac. 946; *Ratliff v. Fleener*, 43 Okla. 652, 143 Pac. 1051; Sutherland, Stat. Const. (2d Ed.) sec. 443; Endlich, Int. Stat. sec. 43; Black, Int. of Law, sec. 86. The two statutes are not repugnant to each other, but, on the contrary, may be construed together and each given effect. That this was the legislative intent is evidenced by the fact that article 9, c. 43, Sess. Laws 1897, is found in Wilson's Rev. & Ann. Stat. 1903 as article 2, c. 73, being sections 5892 to 5895, both inclusive, and was carried into Snyder's Comp. Laws 1909 as sections 7402 to 7405, and with certain modifications is found in Rev. Laws 1910 as sections 6771, 6775.

Thus it is seen that this provision has been in the statutes of the territory and of the state from its first enactment in 1895 up to the present time. It therefore appears that it was the legislative intent that all penalties accruing on delinquent taxes, whether of the territory, county, or city, should be paid into the county sinking fund; and, this being the statutory disposition of such penalties and interest, the authorities relied upon by plaintiff can have no controlling force. If there were any doubt of this being the correct construction of these statutes, unless the legislative intent to the contrary were clearly apparent, the fact that in the various counties officials charged with the enforcement thereof from the date of the statute until the present,

in the discharge of their duties under the revenue laws of the territory and state, have given such statute the same construction as we give, would be of great weight, and we would not disregard such construction without the most cogent and persuasive reasons.

In *League v. Town of Taloga,* 35 Okla. 277, 129 Pac. 702, it was said:

"The construction placed on statutes * * * by officers in the discharge of their duties, either at or near the time of the enactment, which has been long acquiesced in, is a just medium for its judicial interpretation."

And in *State ex rel. Reardon v. Hooker,* 26 Okla. 460, 109 Pac. 527, it was said:

"Where the meaning of a statute is doubtful, long usage is a just medium by which to expound it."

For the reasons given, the judgment of the superior court of Pottawatomie county is reversed, and the cause is remanded, with directions to enter a decree denying the writ and dismissing the case.

All the Justices concur, except SHARP, J., who dissents.