# BOARD OF COM'RS OF CUSTER COUNTY *et al.* v. CITY OF CLINTON.

No. 7422.  Opinion Filed January 11, 1916.

(154 Pac. 513.)

1.  **TAXATION—Delinquent Taxes—Interest, Penalties and Forfeitures—Disposition.** By section 2, art. 3, c. 43, Sess. Laws 1895, p. 220, amending section 1, art. 10, c. 70, St. 1893, and by section 3, art. 9, c. 32, Sess. Laws 1897, p. 257, it was provided that all interest, penalties and forfeitures upon delinquent taxes should be paid into the county sinking fund.

2.  **SAME—Repeal of Statute.** Said provisions were not repealed by the act of March 12, 1897, amending section 2, art. 3, c. 43, Sess. Laws 1895.

3.  **TAXATION—Delinquent Taxes—Penalties—Disposition—Validity of Statute.** Sections 6771 to 6775, Rev. Laws 1910, both inclusive, imposing penalties upon delinquent taxes and making provision for the disposition thereof, are constitutional and valid.

4. **CONSTITUTIONAL LAW—Equal Protection—Due Process—Taxation.** Such statutes do not deny the taxpayer the equal protection of the laws, nor deprive him of his property without due process of law.

(Syllabus by the Court.)

Sharp, J., dissenting.

### Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by the City of Clinton, a municipal corporation, against the Board of County Commissioners of Custer County and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*A. E. Darnell,* for plaintiffs in error.

*Geo. T. Webster,* for defendant in error.

HARDY, J. The city of Clinton brought suit in the district court of Custer county against the board of county commissioners of Custer county and G. D. Witt, treasurer, and his successors in office, seeking to recover against said defendants certain sums alleged to be due plaintiff as penalties upon certain city taxes levied upon property within the corporate limits of said city of Clinton. Upon trial of the case judgment was rendered in favor of plaintiff in the sum of $2,022.10, and defendants bring error.

The questions of law involved in this case with reference to the right of the city or of the county to the penalties upon such taxes have been determined in *Geo. K. Hunter, County Treas., v. State ex rel. City of Shawnee, ante,* p. 672, 154 Pac. 545, in which it was held that, under the laws in force at the time the penalties involved accrued, it was the duty of the county treasurer to pay same into

the county sinking fund, and to that extent the decision in that case is controlling here.

A number of counsel have been permitted to appear as *amici curiae*, and different questions have been presented by them, one of the propositions urged being that should the court be of opinion that the county was entitled to the penalties involved, this holding would not be conclusive in an action brought by a city having a charter form of government. This question is not involved in this case, and was not presented or considered in the case of *Hunter v. State ex rel. City of Shawnee, supra.*

It is further urged by counsel that, if the statute be construed so as to entitle the county to said penalties, it would render the statute void as being in violation of various constitutional provisions regulating the levy and collection of taxes.

In this connection it is well to observe that the penalty is not properly a part of the tax, and that neither the city nor the county can levy a penalty, but, on the contrary, the Legislature has exercised its sovereign power and imposed these penalties as an additional charge or punishment for delinquencies upon the part of the taxpayer in order to hasten the payment of the taxes due. The penalty is not created by the levy of the tax, nor has the Legislature authorized the city or the county to impose the same, and the fund being created by the Legislature, it follows that the Legislature has the right to dispose of said fund to the same extent as other fines and penalties arising from the violation of other laws of the state or the failure to perform other duties. *City of New Whatcom v. Roeder,* 22 Wash. 570, 61 Pac. 767; *Shultz v. Ritterbusch, County Treas., et al.,* 38 Okla. 478, 134 Pac. 961.

Neither can it be said that the statute imposing said penalties and regulating the disposition thereof violates any of the provisions of the federal Constitution. *West-ern Union Tel. Co. v. Indiana,* 165 U. S. 304, 17 Sup. Ct. 345, 41 L. Ed. 725.

The judgment of the court is therefore reversed, and the cause remanded to the trial court, with directions to enter a decree for defendants.

All the Justices concur, except SHARP, J., who dissents.