## BOARD OF COM'RS OF POTTAWATOMIE COUNTY, OKL., v. CLOSE BROS. & CO.

(Circuit Court of Appeals, Eighth Circuit. July 26, 1921.)

### No. 5787.

Municipal corporations ⟫521—Interest collected on delinquent paving assessments held to belong to holders of certificates.

Comp. Laws Okl. 1909, § 727, which is part of an act regulating paving in cities of the first class, and authorizing the issuance of bonds or certificates for the cost of paving, to be paid from special assessments, which may be payable in installments, provides that such assessments and interest thereon shall be collected by the city clerk, and that the proceeds shall be paid to the city treasurer, and shall constitute a special fund "to be used and applied to the payment of such bonds and the interest thereon and for no other purpose." It further provides that delinquent assessments shall bear interest at the rate of 18 per cent., and that the city clerk shall certify delinquent installments to the county treasurer, to be collected as other delinquent taxes and paid to the city treasurer, "for disbursement in accordance with the provisions of this act." Held, that under such statute, as construed by the Supreme Court of the State, the county has no interest in such delinquent collections, and that the 18 per cent. interest collected thereon is for the benefit of the holder of the paving certificates.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by Close Bros. & Co., a corporation, against the Board of County Commissioners of Pottawatomie County, Okl. Judgment for plaintiff, and defendant brings error. Affirmed.

A. J. Carlton and F. H. Reily, both of Shawnee, Okl., for plaintiff in error.

Fred W. Green, of Guthrie, Okl., and D. M. Tibbetts, of New York City, for defendant in error.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TRIEBER, District Judge. The parties will be referred to herein as they appeared in the court below, the plaintiff in error as the defendant, and the defendant in error as the plaintiff.

The action was instituted to recover from the defendant moneys collected by its county treasurer, as interest, from delinquent taxpayers on their tax assessments on paving certificates issued by the city of Shawnee, a city of the first class in the state of Oklahoma, against certain lots in said city. The certificates were to be paid in 10 equal installments, with interest thereon at the rate of 7 per cent. per annum. The following is a copy of these certificates, varying only in amount and description of the realty charged with the special tax.

"United States of America.

"Number 1.

"Oklahoma Territory, City of Shawnee.

"Special Tax Certificate, $258.59.

"This is to certify, that the work of paving, curbing, and doing necessary grading therefor, and putting in certain catch-basins and drain pipes on Broadway street, from the north side of the alley south of Main street to the south line of Tenth street, under the terms of the contract therefor between the city of Shawnee and the Cleveland-Trinidad Paving Company, dated the 24th day of December, 1905, has been completed in accordance with the terms of said contract and the laws and ordinances of said city of Shawnee relative thereto, and to the satisfaction and acceptance of the city engineer and the improvement committee of said city, and said work having been approved and accepted, and the benefits to the land liable to taxation therefor have been duly appraised, and the cost thereof fully determined and assessed.

"And that the said city has, by ordinance duly passed on the 5th day of December, 1905, levied, assessed, and charged each tract of land liable therefor with its proper share of the cost of making such improvements, for all charged as a special tax for the work of improvement aforesaid against lot No. 32, block No. 14, Amended Plat, in the city of Shawnee, in the sum of two hundred and fifty-eight and 59/100 dollars, which sum is hereby levied against said lot, payable in ten (10) equal installments, with interest thereon from the date hereof at the rate of seven (7) per cent. per annum, and during the next ten (10) years there shall be levied each year against said lot a sum sufficient to pay the maturing installment of that year and interest on all unpaid installments according to law.

"This certificate is one of a series issued and delivered to the Cleveland-Trinidad Paving Company, the contractor, in payment of the price of said work, the aggregate amount of such warrants so delivered to the contractor does not exceed the contract price for such work; and the assessment, with interest thereon at seven (7) per cent. per annum, shall be a lien against the lot or parcel of land above described until the entire amount thereof, with interest, is paid, and said assessment with interest, or any installment or part thereof, when collected by the county treasurer shall be paid to the holder of this certificate and indorsed thereon by the county treasurer upon presentation of this certificate to said county treasurer, provided that the owner of the above described land or parcel of ground may redeem his property from such special assessment at any time by paying the amount of unpaid installments to the county treasurer and the interest thereon until the maturity of the next succeeding installment, and upon such payment and presentation of the certificate against such property the county treasurer shall pay the same in full and cancel the same, and hold for delivery to the person making such redemption.

"In witness whereof, the mayor and council of the city of Shawnee have caused this certificate to be issued, signed by the mayor, and countersigned by the city clerk of said city, with the corporate seal attached, this 18th day of December, 1905."

275 F.—39

It is alleged in the complaint that there is still due and unpaid on these tax certificates the sum of $8,356.05, that many of said assessments were paid by the property owners long after the same became due and payable, and that the county treasurer of said county collected the same, with the 18 per cent. interest on the delinquent assessment, that the interest thus collected by him amounted to the sum of $7,299.-23, which sum the county retains in its treasury and refuses to pay to the plaintiff, to be credited on the certificates owned by it. A list of the certificates, with a description of the lots, the amount of the special tax assessed against each lot, and the payments made and indorsed on each certificate, the last payments having been made on the certificate during the years 1916 and 1917, is filed with the complaint. The action was begun on May 11, 1920.

A demurrer to the petition by the defendant board of county commissioners having been overruled by the court, and the defendant declining to plead further, but electing to stand on the demurrer, judgment was rendered in favor of the plaintiff for the amount collected, with interest. To reverse this judgment this writ of error is prosecuted.

The certificates were issued by authority of section 727, Compiled Laws of Oklahoma 1909, an act regulating paving of streets in cities of the first class. This act provides:

"Sec. 727. *Collection, Payment and Notice of Assessment—Delinquents.*— The assessments provided for and levied under the provisions of this act shall be payable by the persons owning the same as the several installments become due, together with the interest thereon, to the city clerk of such city, who shall give proper receipts for such payments. The city clerk shall be required to execute a good and sufficient bond with sureties, and in an amount to be approved by the mayor and council, payable to the city conditioned for the faithful performance of the duties enjoined upon him by this act as collector of said assessments.

"It shall be the duty of the city clerk to keep an accurate account of all such collections by him made, and to pay to the city treasurer daily, the amounts of such assessments collected by him and the amounts so collected and paid to the city treasurer shall constitute a separate special fund to be used and applied to the payment of such bonds and the interest thereon and for no other purpose.

"It shall be the duty of such city clerk, not less than thirty days and not more than forty days, before the maturity of any installment of such assessments to publish in two successive issues of a daily paper, or in one issue of a weekly newspaper, published and of general circulation in said city, a notice advising the owner of the property affected by such assessment of the date when such installment and interest will be due and designating the street, streets or other public places for the improvement of which such assessments have been levied and that unless the same shall be promptly paid shall bear interest at the rate of eighteen per cent. per annum thereafter until paid, and proceedings taken according to law to collect said installment and interest; and it shall be the duty of the city clerk promptly after the date of maturity of any such installment of assessment and interest and on or before the fifteenth day of September in each year to certify said installment and interest then due to the county treasurer of the county in which said city is located, which installment of assessment and interest shall be by said county treasurer placed upon the delinquent tax list of said county for the current year and collected as other delinquent taxes are collected and thereupon pay to the city treasurer for disbursement in accordance with the provisions of this act: Provided, that failure of the city clerk to publish said notice of the

maturity of any installment of said assessment and interest shall in no wise affect the validity or the assessment and interest."

On behalf of the defendant Seymour v. Oklahoma City, 38 Okl. 547, 134 Pac. 45, 47 L. R. A. (N. S.) 702, Hunter v. State, ex rel., 49 Okl. 673, 154 Pac. 545, and Board of Commissioners v. City of Clinton, 49 Okl. 795, 154 Pac. 513, are relied on, that the interest collected belongs to the county and that the certificate holders are not entitled to it. A careful examination of these authorities convinces that they are clearly inapplicable to the instant case, as the statutes construed in those cases differ materially from that involved herein. In Seymour v. Oklahoma, the statute construed is found in sections 990 and 991, Compiled Laws of Oklahoma 1909, and refers to the building of sewers. That act provides that "the assessments be collected as other taxes are collected." The collection of other taxes, meaning general taxes, is regulated by chapter 98, art. 9, § 7629, Compiled Laws of Oklahoma 1909, which reads:

"All the delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per cent. per annum."

And in construing it, the court held that:

"As the statute makes the 18 per cent. a penalty to secure prompt payment, it cannot be said to be interest. And in the absence of any constitutional or statutory provision directing otherwise, the proceeds of fines and penalties must go to the government, whether national, state, county, or municipal, whose laws or ordinances have been violated by the act or commission of the offender."

In Hunter v. State ex rel., supra, the city sought to recover the 18 per cent. penalties collected by the county treasurer on delinquent ordinary city taxes, and it was held that, as the act provided (referring to the act regulating the collection of ordinary city taxes) that "all penalties shall be credited to the county fund, and all rebates charged to the same fund," and the act of 1897, Session Laws of Oklahoma 1897, p. 257, provided that "all penalties, interest and forfeitures now accruing or which hereafter may accrue to the counties on delinquent taxes, shall be turned into the sinking fund," etc., the city is not entitled to these penalties. To the same effect is Board of Commissioners v. City of Clinton, which was also an attempt to collect the penalties collected on delinquent city taxes. It was there sought to distinguish the Hunter Case, by claiming that it was not conclusive in an action brought by a city having a charter form of government. But the court refused to make the distinction, saying:

"In this connection it is well to observe that the penalty is not properly a part of the tax, and that neither the city nor the county can levy a penalty, but, on the contrary, the Legislature has exercised its sovereign power and imposed these penalties as an additional charge or punishment for delinquencies upon the part of the taxpayer in order to hasten the payment of the taxes due. The penalty is not created by the levy of the tax, nor has the Legislature authorized the city or the county to impose the same, and the fund being created by the Legislature, it follows that the Legislature has the right to dispose of said fund to the same extent as other fines and penalties arising from the violation of other laws of the state or the failure to perform other duties."

275 FEDERAL REPORTER

The statutes construed in each of these cases made the 18 per cent. a penalty. But section 727 declares the 18 per cent. to be interest, and not a penalty. By referring to the provisions of section 727, Compiled Laws of Oklahoma 1909, hereinbefore set out in full, it will be seen that the collection of the assessments to pay the tax certificates issued by a city of the first class under section 727 differs in practically all respects from the statutes regulating the collections of ordinary taxes or assessments for tax certificates issued for sewers. The assessments in the first instance are to be paid to the city clerk, and not the county treasurer. If the assessment, when due, is not paid by the property owner, it "shall bear interest at the rate of 18 per cent. per annum thereafter until paid." Thereupon it is made the duty of the city clerk "on or before the fifteenth day of September in each year to certify said installment and interest then due to the county treasurer of the county in which said city is located," whose duty it is thereupon to collect them as other delinquent taxes, and when collected "pay to the city treasurer for disbursement in accordance with the provisions of this act."

No part of these assessments is to be paid into the county treasury. The interest provided by this act is not a penalty, but as held in Ritterbusch v. Havinghorst, 29 Okl. 478, 118 Pac. 138, where this section (727) was construed, for the benefit of the certificate holders, to the extent of their claims for interest accruing after maturity, the court said:

"The increased interest which the assessments are made to bear after maturity was provided, no doubt, not only for the purpose of securing the prompt payment of the assessments, but also for the purpose of providing a fund with which to pay the increased rate of interest on the bonds maturing, which must occur when there is delinquency in the payment of any assessment. Nor can any provision be found in the statute for the contention that all over 7 per cent. shall be retained by the county treasurer."

This construction of a state statute by the highest court of the state is conclusive on the national courts. The court committed no error in overruling defendant's demurrer to the complaint and rendering judgment for the plaintiff.

The judgment is affirmed.

STONE, Circuit Judge, dissents.