### CITY OF GUTHRIE v. BOARD OF COM'RS OF LOGAN COUNTY.

No. 14994—Opinion Filed Dec. 2, 1924.

Rehearing Denied Jan. 2, 1925.

1. **Taxation—Penalties on Delinquent Taxes —Disposition—Statutes.**

By section 8575, Comp. Stat. 1921, it was provided that all interest, penalties, and forfeitures upon delinquent taxes should be paid into the county sinking fund.

2. **Same—Property in Cities.**

By section 4 of the act of the Legislature of 1919, which took effect on March 29, 1919, being section 4623, Comp. Stat. 1921, all penalties on delinquent taxes on property situated within cities of the first class become the property of the city, and penalties collected or accruing prior to the above enactment were subject to the provisions of section 8575, supra.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by the City of Guthrie against the Board of Commissioners of Logan County, Oklahoma. Judgment for defendants, and plaintiff appeals. Affirmed.

Warren K. Snyder and Fred W. Green, for plaintiff in error.

Geo. W. Partridge, Co. Atty., and John Adams, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Logan county, Okla., by plaintiff in error, against the defendants in error, to recover a certain sum of money and interest thereon, which had been collected by the county treasurer of Logan county, defendant, as penalties on taxes payable to the city of Guthrie for the years 1911 to 1918 inclusive.

Plaintiff alleges that by reason of certain provisions of its charter it is entitled to all penalties paid on delinquent taxes. The charter also provides the manner of payment of all taxes and penalties collected by the county treasurer to the city treasurer.

The defendants interposed a demurrer to plaintiff's petition which was by the court sustained, upon the ground that the petition did not state a cause of action in favor of the plaintiff and against the defendants. Plaintiff elected to stand on the demurrer, and appealed from the judgment of the court, and assigns as error the action of the court in sustaining the demurrer. The question of law involved in this case, with reference to the right of the city to the penalties upon taxes, has been determined in the case of George K. Hunter, County Treasurer, v. State ex rel. City of Shawnee, 49 Okla. 672 154 Pac. 545, and the same rule has been reaffirmed by this court in the case of Board of County Commissioners of Custer County et al. v. City of Clinton, 49 Okla. 795, 154 Pac. 513, wherein it was held that the city was not entitled to appropriate the penalties, under section 3, art. 9, ch. 32, S. L. 1897, which is section 8575, Comp. Stat. 1921, which provides that all interest, penalties, and forfeitures upon delinquent taxes should be paid into the county sinking fund, and this was the law of the state until the act of 1919, section 4623, Comp. Stat. 1921, wherein it was provided that penalties for delinquent taxes became the property of the city, and should be paid into the street repair fund of cities of the first class. And as stated in the case of Custer County v City of Clinton, supra:

"The penalties are not created by the levy of the taxes nor has the Legislature authorized the city or the county to impose the same, and the fund being created by the Legislature it follows that the Legislature has the right to dispose of said fund to the same extent as other fines and penalties arising from the violation of other laws of the state or the failure to perform other duties"

—citing the cases of New Whatcom v. Roeder, 22 Wash. 570, 61 Pac. 767, Schultz v. Ritterbusch, County Treasurer, et al., 38 Okla. 478, 134 Pac. 961. And in Cooley on Taxation, vol. 4 (4th Ed.) art. 1821, page 3573, there will be found a discussion of the subject, and in the case of Board of County Commissioners of Sedgwick County v. City of Wichita (Kan.) 64 Pac. 621. From an examination of these authorities it is disclosed that the right to assess penalties for delinquent taxes is a power which is lodged in the Legislature of the state, and that it being the creative power it necessarily is the proper tribunal to make disposition of penalties or funds created thereby. It was not within the power of the constituted authorities of the city of Guthrie to make disposition of penalties by provisions in their city charter. The fund involved in this case has accrued by reason of penalties collected for delinquent taxes in the years 1911 to 1918, inclusive, and prior to the act of the Legislature of 1919, authorizing the city authorities to appropriate funds of this character as provided by section 4623, supra, hence, the penalties here involved were subject to the law as provided in section 8575, Comp. Stat. 1921, and could not be appropriated by the city authorities. We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.