## CITY of STILLWATER v. BOARD of COM'RS of PAYNE COUNTY.

No. 15021—Opinion Filed Jan. 9, 1925.

### Taxation—Delinquent Taxes—Disposition of Penalties Collected on Taxes Due Charter Cities.

The disposition of penalties on delinquent city taxes, including delinquent special assessments for local improvements collected by the county treasurer prior to March 20, 1919, in cities organized and existing under a freeholders charter, adopted pursuant to section 3A, article 18, Williams' Annotated Constitution, is governed by section 8575, Comp. Stat. 1921, notwithstanding a provision in the charter of such city requiring the treasurer to pay the same to the commissioner of revenue and accounting of such municipality.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Payne County; Cnarles C. Smith, Judge.

Action by City of Stillwater against the Board of County Commissioners of Payne County to recover a money judgment. Judgment for defendants, and plaintiff appeals. Affirmed.

Warren K. Snyder and Fred W. Green, for plaintiff in error.

J. W. Reece, for defendants in error.

Opinion by FOSTER, C.  In this case the city of Stillwater, as plaintiff, brought an action in the district court of Payne county, against the board of county commissioners of Payne county, as defendants to recover certain tax penalties arising on city taxes, collected by the county treasurer of Payne county from March 31, 1911, up to and including March 20. 1919. and paid to the county commissioners of Payne county.

The petition alleged that the city of Stillwater is a municipal corporation, organized and existing under a freeholders' charter, adopted by the inhabitants of said city on March 31, 1911, pursuant to the provisions of section 3a, article 18, of the Constitution of the state of Oklahoma.

It was further alleged in said petition that article 5, section 5, of the charter of Stillwater adopted on March 31, 1911, is as follows:

"The various levies provided by this article, and all other taxes and assessments provided in this charter, except license and poll taxes, shall be certified by the commissioner of revenue and accounting to the county clerk of Payne county, to be by said county clerk placed on the tax rolls for collection, subject to the same penalty and collected by the county treasurer, as is provided by law for the collection of taxes, and paid by him to the commissioner of revenue and accounting, and such payment shall include all penalties collected on such city taxes. The entire amount of all city levies shall be placed upon the tax rolls as one levy, to be known as 'city levy.'"

It was alleged that under the provisions of said section of the charter, the penalties arising on city taxes were the property of the city of Stillwater, but that since the date of the adoption of said charter and up to and including the 20th day of March, 1919, the county treasurer of Payne county had collected penalties on city taxes in the amount of $4,955.59, and paid the same over to the county commissioners of Payne county in violation of law.

An audit of the books and accounts of the county treasurer was attached to the petition, and made a part thereof, from which there appeared to have been collected by said treasurer, the said sum of $4,955.59 in penalties, and the further sum of $2,189.89. interest on penalties, making a total of $7,145.48, claimed due the city of Stillwater. The audit further showed that $1,652.29 of the amount collected arose from special assessment penalties collected by said treasurer.

The county commissioners demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and the city of Stillwater had appealed to this court on a transcript of the record to have reviewed the action of the trial court in sustaining said demurrer.

The principal question presented for our consideration on this appeal is, Did article 5, section 5, of the charter of Stillwater, hereinbefore quoted, supersede section 8575, Comp. Stat. 1921?

It may be observed in this connection that the Legislature, by the act of March 20, 1919, enacted that all penalties accruing on delinquent taxes assessed against property located in cities of the first class, instead of going into the county sinking fund as provided in section 8575, Comp. Stat. 1921, quoted above, should be placed in the street repair fund of such cities of the first class.

The assessment of penalties for delinquent taxes and their disposition have usu-

ally been held to be a subject of legislation exclusively for the Legislature. See City of Guthrie v. Board of Commissioners of Logan County, 105 Okla. 237, 232 Pac. 22, citing with approval the Board of Commissioners of Custer County et al. v. City of Clinton. 49 Okla. 795, 154 Pac. 513, and other cases.

The Legislature, by section 8575, Comp. Stat. 1921, having provided that all penalties accruing on delinquent taxes shall be turned into the county sinking fund, it was not within the power of the city of Stillwater to make disposition thereof by inconsistent provisions in its city charter.

It is true under the rule announced by this court in the case of Berry v. McCormick, 91 Okla. 211, 217 Pac. 393, and Nitsche v. State Security Bank of Zanesville, Ohio, 69 Okla. 37, 170 Pac. 234, and the more recent case of City of Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640, that a municipality in this state organized and existing under a freeholders' charter adopted pursuant to section 3A, article 18, Williams' Annotated Constitution, may, by charter provision, provide for the procedure for street improvements and the manner of making assessments therefor notwithstanding inconsistent provisions in the state law, yet, in view of the fact that any penalty assessed against a delinquent tax payer forms no part of the tax or debt itself, and is a separate subject of legislation by the state, it follows that the Legislature alone has the right to dispose of said penalties to the same extent as other fines and penalties arising from the violation of state laws. 49 Okla. 795, supra.

The fund involved in this case accrued by reason of the penalties collected for delinquent taxes from the years 1911-18, inclusive, prior to the act of the Legislature of 1919, hence the penalties here involved were subject to the law as provided in section 8575, Comp. Stat. 1921, and could not be appropriated by the city authorities.

We therefore recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.