## SEYMOUR v. OKLAHOMA CITY *et al.*

No. 3867. Opinion Filed July 22, 1913.

(134 Pac. 45.)

**MUNICIPAL CORPORATIONS—Sewer Warrants—Rights of Holder.**
S. is the holder and owner of certain sewer warrants issued pursuant to section 990, Comp. Laws 1909 (Rev. Laws 1910, sec. 469). The mayor and councilmen for each year made "a levy on each lot or piece of ground, for a sufficient sum in addition to other taxes, to discharge the maturing installments" on each lot or piece of ground, with interest on the unpaid installments for such year; such taxes being collected by the county treasurer. The holder of such warrants, on presentation of the same, claimed the penalty collected on such warrants, on account of the failure to pay the same as they matured. **Held,** that S., the holder of said warrants, was not entitled to said penalty.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by L. K. Seymour against the City of Oklahoma City and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*G. A. Paul,* for plaintiff in error.

*C. W. Stringer, Sam Hooker,* and *J. W. Johnson,* for defendants in error.

WILLIAMS, J. The plaintiff in error is the owner and holder of certain warrants issued pursuant to section 990, Comp. Laws 1909 (Rev. Laws 1910, sec. 469). He contends that he is entitled to the penalty, provided to be paid in case of default in payment as the same matures, and that unless the same is directed to be paid to him, it will be appropriated by the municipality.

Section 990, *supra,* provides:

"As soon as any district sewer shall have been completed, the city engineer or other officer having charge of the work, shall compute the whole cost thereof, which shall also

include all other expenses incurred by the city in addition to the contract price of the work, and shall apportion the same against all the lots or pieces of ground in such district exclusive of improvements, in proportion to the area of the whole district, exclusive of the public highways, and such officer shall report the same to the mayor and councilmen, and the mayor and councilmen shall thereupon levy and assess a special tax, by ordinance against each lot or piece of ground within the district, which ordinance shall be published in some newspaper of general circulation in the city for four consecutive weeks, and if at the expiration of such time, the amount named in such ordinance together with the cost of publication shall not be paid, then the mayor and councilmen shall cause tax warrants to be issued against such lots and pieces of ground in said district, which tax warrant shall recite the date of the passage of the ordinance making the assessments, the amount of the assessment, the description of the property against which the same is levied, and that the same will be levied against said property in three equal installments with interest thereon at the rate of eight per cent. per annum, levied each year, to become due on the fifteenth day of December next after each such levy, to pay the maturing installments and shall be signed by the mayor, and countersigned by the city clerk, which said tax warrants shall be delivered to the contractor; provided, that the aggregate amount of such warrants to be delivered to the contractor shall not exceed his contract price, and the city shall hold and retain for its own indemnity a sufficient amount of the same to cover other expenses than the contract price of executing the work." (Sess. Laws 1903, p. 96.)

Section 991, *Id.* (Rev. Laws 1910, sec. 470), also provides:

"The mayor and councilmen shall each year levy on each lot or piece of ground, a sufficient sum in addition to other taxes, to discharge the maturing installment on each particular tract, with interest on the unpaid installment for such year, certify the same to the county clerk to be collected as other taxes, and which money, when collected by the county treasurer, shall be paid to the holder of such certificate and endorsed thereon upon presentation of the certificate: Provided that the owner of any lot or piece of ground may redeem his property from such special assessment at any time by pay-

ing the amount of unpaid installments, to the county treasurer and the interest thereon until the maturity of the next succeeding installment, and upon presentation of the certificate against such property, the county treasurer shall pay the same in full and cancel the same and hold for delivery to the person making such redemption. The said assessment shall be a charge and lien against the property upon which assessed until fully discharged, but unmatured installments shall not be deemed to be within the terms of any general covenant or warranty." (Sess. Laws 1903, p. 97.)

Section 977, Comp. Laws 1909 ([Rev. Laws 1910, sec. 710] Sess. Laws 1897, p. 89), is as follows:

"That in all cases where municipal improvements of any character are made by special assessments upon the abutting lots, or upon blocks, or where a special assessment may be created by ordinance for the direct benefit of a limited locality in any municipal corporation, that then, and in all such cases the municipal corporation may issue a tax warrant against each separate abutting lot which shall be a valid lien thereon and shall be extended, collected and bear a like penalty with other taxes of the state, county or municipal corporation."

This section was continued in force by virtue of section 2 of the schedule of the Constitution (*Leatherman et al. v. Incorporated Town of Addington,* 37 Okla. 436, 132 Pac. 129), and now appears as a part of the Revised Laws of Oklahoma 1910 (section 710). Said tax warrants as issued by their terms provided for interest at the rate of 10 per cent. per annum. Plaintiff in error contends that he is not only entitled to this interest, but also the penalty.

In *Shultz v. Ritterbusch et al., ante,* 134 Pac. 961, it was held:

"Comp. Laws 1909, secs. 726, 727 (Rev. Laws 1910, secs. 629-639 and 642, 643), construed, and as to. that part which authorizes the collection of seven per cent. per annum upon assessments prior to maturity, and, if not paid when due eighteen per cent. per annum thereafter until paid, *held* that such provision is not in violation of the Constitution which prohibits the General Assembly to pass any local or special law 'fixing the rate of interest,' for in no sense is

said eighteen per cent. 'interest,' but is in reality a penalty to secure prompt payment, imposed for the neglect of duty."

In 13 Am. & Eng. Enc. of Law, p. 69, it is said:

"The only general rule that can be laid down in reference to this matter is that, in the absence of any constitutional or statutory provision directing otherwise, the proceeds of fines and penalties imposed must go to that government, whether national, state, county, or municipal, whose laws or ordinances have been violated by the act or omission of the offender."

See, also, *Board of County Commisisoners v. Huett et al.*, 35 Okla. 713, 130 Pac. 927; *Stout v. State ex rel. Caldwell*, 36 Okla. 774, 130 Pac. 553.

Section 7, article 10, of the Constitution (section 272, Williams' Ann. Const. Okla.) provides:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation."

A discretion is thus especially committed to the Legislature to enact laws carrying into effect said constitutional provisions. *Lowther v. Nissley, post,* 135 Pac. 3, decided at this term. Courts, as a rule, will not revise the exercise of such discretionary powers, unless the same are in conflict with some other provision of the Constitution. *Atwater v. Hassett et al.,* 27 Okla. 292, 111 Pac. 802; *Lowther v. Nissley, post,* 135 Pac. 3. This is a plain grant of power, authorizing the county and municipal corporations to levy and make assessments for local improvements upon property benefited thereby, homesteads included, without regard to cash valuation. It is an undefined grant, without any express words of limitation. Such grant, however, is limited to the extent that the power exercised thereunder must not conflict with the grant of powers to the other departments of the government, and such other provisions of the Constitution as sections 7, 23, and 24, of article 2, and section 2, of article 14 (sections 15, 31, 32, and 313, Williams' Ann. Const. Okla.), of the Constitution of this state.

Section 6774, Rev. Laws 1910, provides:

"All penalties, interests and forefeitures, which may accrue to the counties on delinquent taxes, shall be turned into the sinking fund, and all rebates upon taxes allowed by the county commissioners shall be paid out of the sinking fund, and shall take precedence for payment out of such fund over all other charges, except interest charges."

Section 6775, Rev. Laws 1910, also provides:

"Whenever any money shall remain in the sinking fund of any municipality on the last day of June of any year, against which no charges are outstanding, it shall be turned into such fund for the following year and the levy for the following year reduced accordingly."

Penalties imposed by contract for nonperformance thereof are expressly made by statute void. The penalty provision, not the entire contract, is, as a rule, rejected, and rendered void. Sections 974 and 975, Rev. Laws 1910.

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." (Section 976, Rev. Laws 1910.)

We have been cited to no statutory provision in force in this state to the effect that the penalty provided for in section 977, *supra,* to wit, "a like penalty with other taxes of the state, county or municipal corporation," should be paid to the holder of such warrant. Obviously, without such a statutory provision, if it were permissible to pass such an act, the contention that the plaintiff in error is entitled to receive such penalty is not well founded. We are not to be understood as expressing any opinion as to the validity of such a statute.

The judgment of the lower court is affirmed.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent and not participating.