## BOARD OF COUNTY COM'RS. OF OKLAHOMA COUNTY *et al.* v. SEYMOUR.

No. 6328.   Opinion Filed February 2, 1915.

(146 Pac. 219.)

MUNICIPAL CORPORATIONS—Improvement Assessments—Interest.
The owner and holder of a warrant issued for the construction of certain sewers, pursuant to section 469, Rev. Laws Okla. 1910, is entitled to interest thereon at the rate of 8 per cent. per annum from the date of the assessing ordinance up to the date of the payment of the assessment by the property owner, notwithstanding said assessment may not be paid until after the date of its maturity.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by L. K. Seymour against the Board of County Commissioners of Oklahoma County and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*D. K. Pope* and *H. Y. Thompson,* for plaintiffs in error.

*G. A. Paul,* for defendant in error.

*M. D. Libby, amicus curiae.*

KANE, C. J.  The question involved herein is whether the owner and holder of a tax warrant, issued in payment for the construction of a certain sewer adjacent to certain lots in the city of Oklahoma City, authorized under and pursuant to an ordinance of said city, is entitled to interest thereon at the rate of 8 per cent. per annum from the date of maturity thereof until the date of the payment of said assessment represented by said warrant.

The parties agreed to a submission of the controversy upon an agreed statement of facts in the manner and form provided by section 5303, Rev. Laws 1910. The court below found that L. K. Seymour, the warrant holder, "is entitled to the interest at the rate of 8 per cent. per annum from said 15th day of June, 1913, to said January 3, 1914, and defendant shall pay to the plaintiff said sum so received on account of the collection of said interest," and entered judgment accordingly.

The judgment of the court below must be affirmed. Section 469, Rev. Laws 1910, which authorizes the issuance of this class of warrants, provides that:

Such "tax warrant shall recite the date of the passage of the ordinance making the assessments, the amount of the assessment, the description of the property against which the same is levied, and that the same will be levied against said property in three equal installments with interest thereon at the rate of eight per cent. per annum, levied each year, to become due on the 15th day of December next after each such levy, to pay the maturing installments," etc.

The county treasurer contends that this means that the warrant holder is entitled only to interest up to the time of the maturity of the warrant, regardless of whether the property owner shall pay his assessment at maturity or at a time subsequent thereto. In other words, that the warrant holder is not entitled to any interest on the warrant subsequent to the date of its maturity. In our judgment, the statute does not indicate an intention on the part of the Legislature to deprive the warrant holder of interest on his money through the neglect or refusal of the property owner to pay the assessment when due. Section 1009, Rev. Laws 1910, provides that:

"Any legal rate of interest, stipulated by a contract, remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation."

This language applies to all classes of contracts. Whilst the property owner may not directly contract for the construction of the sewers, yet, under the power granted to cities, the city in a measure becomes the agent of the property owner, and the latter becomes a party to the contract and is in fact the real party in interest. No reasonable argument can be offered by the property owner against the payment of interest on this indebtedness to the date of payment if the warrant had been signed by him. The language of the statute (section 469) merely fixes the date when these assessments, for which the warrants are issued, must be paid, and provides that, in the event of failure so to pay, the legal rate of interest shall be 8 per cent. per annum on the assessment. It is true that the levy is made each year and the date of maturity fixed by the statute, but it is also declared that the warrants shall pay interest at the rate of 8 per cent. per annum. This can only mean that the warrant shall bear interest at the rate of 8 per cent. per annum from the date of the assessing ordinance up to the date of the payment of the assessment by the property owner, as a matter of course. As was said in the case of *Gilfeather v. Grout,* 101 App. Div. 154, 91 N. Y. Supp. 535:

"* * * We can see no reason for believing that the Legislature intended to relieve the property owner from the payment of interest upon an ascertained amount of the assessment. It is generally recognized as the law of the land that, where one is indebted to another, and this amount is known, interest upon the amount unpaid follows as a matter of course, and we can see no difference in principle because the amount is owed to a municipal corporation for a public improvement instead of to an individual or private corporation."

A brief *amicus curiae* seeks to inject into this case the question, "Who was entitled to the penalties for delay in paying improvement assessments?" Counsel filing this brief contends that, where the statutes do not dispose of the penalty by express provision or by necessary implication, the penalty belongs to the owner of the fund. That question was not submitted to the court below,

and therefore is not involved in the cause now before us. In the present proceeding counsel for the warrant holder concedes the soundness of the opinion rendered in *Seymour v. Oklahoma City,* 38 Okla. 547, 134 Pac. 45, 47 L.·R. A. (N. S.) 702, wherein it was held that "the holder of said warrant is not entitled to said penalty," and prays only for the payment of interest at 8 per cent. per annum upon his warrant until the same is paid, notwithstanding that event may be postponed until after its maturity. In such circumstances, we will not re-examine the question presented by the brief *amicus curiae* for the purpose of overruling the former opinion.

The judgment of the court below is affirmed.

All the Justices concur.