BOARD OF COM'RS OF OKLAHOMA CO. v. CLOSE BROS.

No. 10120—Opinion Filed May 24, 1921.

Rehearing Denied June 21, 1921.

(Syllabus.)

1. Taxation — Delinquent Taxes—Disposition of Interest and Penalties.

By section 2, art. 3, c. 43, Sess. Laws 1895, p. 220, amending section 1, art. 10, c. 70, Stat. 1893, and by section 3, art. 9, c. 32, Sess. Laws 1897, p. 257, it was provided that all interest, penalties, and for-

feitures upon delinquent taxes should be paid into the county sinking fund.

2. Same — Rights of Holder of Paving Warrants — Action Against County for Part of Penalties Collected.

Close Brothers, a corporation, holder of certain paving warrants, regularly issued by officers of Oklahoma City against lots benefited by paving, and regularly certified by the city treasurer to the county treasurer with the city taxes, brought an action against the county for interest purported to have been collected by the county treasurer and not paid to the bondholder, and the evidence conclusively discloses that the amount of the warrants and all interest collected thereon was paid to the bondholders, but the taxes were not paid when due and became delinquent, and the county treasurer, when collecting the taxes, added the penalty of 18 per cent. as provided by law. Held, the owner of said warrants is not entitled to any portion of the penalty collected by said county to supply a deficiency for interest not collected, and it was error for the trial court to render judgment against the county for said amounts.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Close Brothers against the Board of Commissioners of Oklahoma County to recover part of penalties collected on certain paving warrants. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Forest L. Hughes, Co. Atty., and M. S. Singleton, Asst. Co. Atty., for plaintiff in error.

G. A. Paul, for defendant in error.

McNEILL, J. This is an action commenced by Close Brothers, a corporation, in the district court of Oklahoma county against the board of county commissioners of Oklahoma county. The petition alleged that Oklahoma City, as authorized by certain ordinances, issued tax certificates against various lots in Oklahoma City for paving as required by law, and said tax certificates were certified by the city treasurer to the treasurer of Oklahoma county for the purpose of collecting the same with interest and penalty. It was alleged the plaintiff was the owner of said tax certificates, and the county had collected from the owners of the real estate the amount of the certificates with more than seven per cent. interest from the date of maturity and had failed to pay to the plaintiff the full amount of the interest due and collected. To the petition is attached the number of the warrants and the amount collected by the county treasurer and the amount claimed to be due plaintiff. The collections were

made by the county treasurer during the years 1906, 1907, and 1914.

To this petition, the defendant filed an answer, which was a general denial, and pleaded the statutes of limitation. A jury was waived and the case was tried to the court. The court found in favor of plaintiff for interest due on the warrants collected in the year 1906 in the total amount of $423.02, for the year 1907, $472.72, and for the year 1914, $642.76, or a total of $1,538.50.

From said judgment the county has appealed. For reversal it is first contended that the claims for the years 1906 and 1907 are barred by the statutes of limitations: second, that the defendant in error received the full amount collected by the county treasurer, and the only amount retained by the county was the penalty collected, and plaintiff is not entitled to recover any portion of the penalty collected by the county treasurer.

We will consider the second proposition first. The evidence disclosed that the certificates were certified to the county treasurer of Oklahoma county by the city treasurer and placed upon the tax rolls showing the amount due as certified by the city treasurer. When the taxes became delinquent and the owner of the property paid the taxes, the county treasurer collected the amount certified to him by the city treasurer, and added the penalty of 18 per cent. on the total amount of taxes due as provided by section 382 of Rev. & Ann. Stats. Okla. 1903, which was in force and effect at the time the taxes for 1906 and 1907 were collected. In this manner the county treasurer collected no interest on the warrants from the date they were certified to the county treasurer until the taxpayer paid his taxes. The difference upon each tax warrant is very small, ranging from ten cents on certain warrants to, in a few instances, a couple of dollars.

It is the contention of plaintiff in error that the special assessments certified to the county treasurer by the city authorities and the taxes for municipal purposes, when delinquent, draw the same penalty as other taxes, and the county treasurer collected the penalty on the total amount of taxes due, and all of the penalty collected goes to the sinking fund, and not to the city or to the owner of the paving warrants, as held by this court in the case of Hunter v. State ex rel. City of Shawnee, 49 Okla. 672, 154 Pac. 545, where this court stated as follows:

"By section 2, art. 3, c. 43, Sess. Laws 1895, p. 220, amending section 1, art. 10 c. 70, Stat. 1893, and by section 3, art. 9, c. 32, Sess. Laws 1897, p. 257, it was provided that all interest, penalties, and forfeitures upon delinquent taxes, should be paid into the county sinking fund."

In regard to penalties this court in the case of the Board of County Commissioners of Custer Co. v. City of Clinton, 49 Okla. 795, 154 Pac. 513, stated:

"In this connection it is well to observe that the penalty is not properly a part of the tax, and that neither the city nor the county can levy a penalty, but, on the contrary, the Legislature has exercised its sovereign power and imposed these penalties as an additional charge or punishment for delinquencies upon the part of the taxpayer in order to hasten the payment of the taxes due. The penalty is not created by the levy of the tax, nor has the Legislature authorized the city or the county to impose the same, and the fund being created by the Legislature, it follows that the Legislature has the right to dispose of said fund to the same extent as other laws of the state, or the failure to perform other duties. City of New Whatcom v. Roeder, 22 Wash, 570, 61 Pac. 767, Shultz v. Ritterbusch, Co. Treas., 38 Okla. 478, 134 Pac. 961."

It was likewise held by this court in the case of Seymour v. Oklahoma City, 38 Okla. 547, 134 Pac. 45, as follows:

"S. is the holder and owner of certain sewer warrants issued pursuant to section 990, Compiled Laws of Oklahoma 1909. The Mayor and councilmen for each year made 'a levy on each lot or piece of ground, for a sufficient sum in addition to other taxes, to discharge the maturing installments' on each lot or piece of ground, with interest on the unpaid installments for such year; such taxes being collected by the county treasurer. The holder of such warrants, on presentation of the same, claimed the penalty collected on such warrants, on account of the failure to pay the same as they matured. Held, that S., the holder of said warrants, was not entitled to said penalty."

These decisions definitely settle the question that the bondholder is not entitled to any part of the penalty. The defendant in error takes the position that under section 6013, Rev. & Ann. Stats. Okla. 1903, only the 18 per cent. penalty can be collected for nonpayment of any taxes, so that included in the charge against the delinquent property owner is both 18 per cent. penalty on the ad valorem tax, which goes to the county sinking fund, and also an 18 per cent. penalty for delinquency on any special charge, or assessment that may be levied or assessed against said property owner, of which 18 per cent. the county retains 11 per cent. and

the bondholder obtains but seven per cent. It is contended that as to the charge or penalty in so far as it is a charge for non-payment of the special assessment when collected by the county, whether called penalty or interest, the provisions of law with reference to placing delinquent payments in the sinking fund have no application.

In the case of Ritterbusch, Co. Treas., v. Havinghorst, 29 Okla. 478, 118 Pac. 138, Mr. Justice Hayes stated as follows:

"Nor can any provision be found in the statute for the contention that all over 7 per cent. shall be retained by the county treasurer. The statute does not make any division of this interest. It contains no expression that part shall go to the city and the remainder to the county. The whole of it goes, either to the city or to the county."

And after the decision in that case, Mr. Justice Williams, in the case of Seymour v. Oklahoma City, 38 Okla. 547, 134 Pac. 45, held that the holder of the warrant was not entitled to the penalty collected by the county treasurer, and the later decision of the court, cited above, which holds that the penalty is no portion of the tax, we think definitely settles this question. There is no provision for dividing this penalty, but all must go either to the county or to the city or to the warrant holder. If the city and the warrant holder are not entitled to any of the same, then it all must go to the county as provided by statute.

The defendant in error, however, relies upon the case of Board of County Commissioners v. Seymour, 45 Okla. 533, 146 Pac. 219. That case was submitted to this court upon an agreed statement of facts, and it was agreed in that case that the county treasurer was collecting more than eight per cent. interest, and had collected more than eight per cent. and the bondholder was suing for the eight per cent. interest provided for in his warrant, and it was admitted that the county had collected the same. That decision is easily distinguished, for the court held if the county was collecting the interest, the bondholder was entitled to the same. There is no such agreed statement of facts in this case, nor does the evidence disclose that the county treasurer collected any interest that was not paid over to the bondholder; but the attorney for defendant in error in this case states the plaintiff is entitled to a portion of the penalty to cover a deficiency for interest not collected, but in this we cannot agree. Whether the county treasurer collected all the interest due the bondholder it is unnecessary for us to determine; in any

event the bondholder is entitled to no part of the penalty collected by the county.

It is contended by defendant in error that the appeal should be dismissed for the reason the case-made does not contain all the evidence and no motion for a new trial was filed within three days as provided by law. The case purports to contain all the evidence, and the trial court found that a motion for a new trial was filed in three days, and permitted a copy to be filed in lieu of the one that had been actually filed; therefore the contention that the case should be dismissed is not well taken.

For the reasons stated, the judgment of the court is reversed, and the cause remanded, with instructions to set aside the judgment and take such further proceedings as are not inconsistent with the views herein expressed.

HARRISON. C. J., and PITCHFORD, MILLER, and NICHOLSON, JJ., concur.