**ESTUS, Co. Clerk, et al. v. STATE ex rel. DINWIDDIE, Co. Atty.**

No. 12076—Opinion Filed Sept. 13, 1921.

Rehearing Denied Oct. 13, 1921.

(Syllabus.)

1. **Mandamus—Claim Against County—Warrant—Attestation by County Clerk—Ministerial Act.**

When a claim against the county has been duly presented and allowed by the board of county commissioners, and a warrant drawn for the payment of the same, the attesting of the warrant by the clerk is a purely ministerial act as to which there is no discretion, and if there has been a sufficient appropriation to the funds upon which the warrant is drawn, it is the duty of the clerk to attest the warrant without regard to the lawfulness of the same.

2. **Same—Duties of County Clerk and Treasurer.**

The acts of the county clerk and county treasurer in attesting and registering warrants being ministerial, the funds being available for this specific purpose, it is the duty of the clerk to attest said warrants and the treasurer to register the same.

3. **Taxation—Penalties for Delinquency—Disposition—Funds.**

The penalty upon delinquent taxes is not a part of the tax, but the Legislature has exercised its sovereign power and imposed this penalty as an additional charge or penalty for delinquency upon the part of the taxpayers in order to hasten the payment of the taxes due. The penalty is not created by a levy of the tax, and the fund being created by the Legislature, it follows that the Legislature has a right to dispose of such funds to the same effect as other fines and penalties and as other funds of the state.

Error from District Court, Logan County; C. C. Smith, Judge.

Mandamus by the State, on the relation of A. V. Dinwiddie, County Attorney of Logan County, against R. E. Estus, County Clerk, and Frank Bond, County Treas., to compel attestation and registration of certain warrants. Judgment for relator, and respondents bring error. Affirmed.

C. G. Hornor, for plaintiffs in error.

A. V. Dinwiddie, for defendant in error.

McNEILL, J. This action was commenced in the district court of Logan county by the state of Oklahoma, on relation of A. V. Dinwiddie, county attorney, for a writ of mandamus to compel R. A. Estus, the county clerk of said county, to attest certain warrants, and Frank Bond, the county treasurer, to register the same. The petition alleged that the county commissioners of Logan county in September, 1910, made an order appropriating $15,000 of the sinking fund derived from penalties on taxes, and forfeitures, or as much thereof as might be necessary, to remodel and repair the county jail as provided by chapter 77, Session Laws 1919, and thereafter entered into contracts for the construction of said improvements. No protest was ever filed against making said appropriation. After the work was completed, claims were filed with the county commissioners and were approved by them and warrants were drawn for the payment of said claims, but Estus, as county clerk, refuses to attest said warrants, and Frank Bond, county treasurer, refuses to register said warrants.

An alternative writ of mandamus was issued, and the defendants filed their answer, and for a defense pleaded: First: Denying generally the allegations of the petition. Second: That the petition did not state a cause of action. Third: That the defendants refused to attest said warrants and register the same, for the reason that the acts of the county commissioners in letting said contracts were contrary to law and without legal force, and that the acts referred to were in violation of article 10, sec. 19, of the Constitution. Fourth: That the actions are in violation of article 10, sec. 29, of the Constitution. Fifth: That the acts are unlawful, and attempt to take public money raised for one purpose and use it for another. Sixth: That said acts are unlawful in attempting to transfer money from one fund to another. Seventh: That said acts are in violation of section 8, ch. 226, of the Session Laws of 1917.

As a fourth defense they allege that they are officers and under bond, and believing the acts attempted are contrary to law, and have declined to perform the same.

The case was submitted to the court upon an agreed statement of facts. The court rendered judgment in favor of the plaintiff and against the defendants, requiring the county clerk to attest said warrants and the county treasurer to register the same. From said judgment the defendants have appealed.

For reversal it is contended that the act of the Legislature authorizing the appropriation of this money was unconstitutional. It is conceded the county commissioners proceeded in accordance with chapter 77, Session Laws of 1919, and no protest was ever filed, and the contracts for said improvement were let as provided by statute, and the parties performed the work and furnished the

material under their contracts, and filed their bills with the county commissioners, which were duly allowed. The defendant in error contends that the act of the county clerk in attesting said warrants is simply a ministerial act, and he has no discretion on his part, therefore mandamus is the proper remedy. That as to the county treasurer, the appropriation has been made in accordance with the statute, and the funds being appropriated, the act of registering the warrant to an amount when not in excess of the appropriation, is purely ministerial.

This court has passed upon the identical question involved in this case in the case of Bodine v. McDaniel Auto Co., 69 Oklahoma, 170 Pac. 899, where the court in the syllabus announced the law applicable to the facts in the case at bar as follows:

"In mandamus proceedings, where the averments in the alternative writ are sufficient to authorize the relief sought, and the return of the respondent does not state a defense, it is not error for the trial court to grant the peremptory writ without hearing testimony.

"When a claim against the county has been presented to and allowed by the board .of county commissioners, the attesting by the county clerk of a warrant drawn in payment thereof is a purely ministerial act as to which there is no discretion, and it is the legal duty of the clerk to attest the warrant without regard to the opinion of the clerk as to the lawfulness of the claim.

"If the county clerk refuses to attest a warrant ordered by the board of county commissioners and signed by the chairman thereof, in payment of a claim allowed by such board. the claimant may compel the clerk to attest such warrant by mandamus."

The county clerk might have pleaded there was insufficient funds, in the sinking fund derived from penalities, fines. or forfeitures accrued or estimated to accrue, to pay said warrants, likewise the county treasurer could have pleaded there was insufficient funds, in the sinking fund derived from penalities, fines, or forfeitures accrued or estimated to accrue, to pay said warrant; and for that reason that they refused to attest or register such warrants, but no such defense was pleaded.

It is pleaded, however, that the defendants would be liable on their bond, and be guilty of a crime, if they attested and registered said warrants. as the same would be in violation of chapter 80, Session Laws 1910-1911. If this would be true, this would no doubt be a defense. Section 4 of chapter 80. Session Laws 1910-1911, provides that a warrant must be drawn upon a specific fund, and there shall be shown on the warrant the amount of the fund and the certificate of indebtedness. The chapter provides a penalty for the clerk to attest or for the treasurer to register a warrant in violation of the provisions of this chapter. In this case the county commissioners had appropriated a certain portion of the sinking fund that had accrued and estimated would accrue during the current year from penalties and forfeitures, to a definite and specific fund, and for a definite and specific purpose as authorized by the Legislature. It must be presumed that the county treasurer made such an order upon his book. This being true, there was in this specific fund sufficient money to pay these warrants. That being true, neither the county clerk nor the county treasurer would violate any of the provisions of chapter 80, Session Laws 1910-1911. It is contended, however, that the commissioners had no right to appropriate public money raised for one purpose and use it for another. But money derived from penalties and forfeitures is no portion of the tax. As was said by the court in the case of Board of County Commissioners of Custer Co. v. City of Clinton. 49 Okla. 795, 154 Pac. 513:

"In this connection it is well to observe that the penalty is not properly a part of the tax, and that neither the city nor the county can levy a penalty, but, on the contrary, the Legislature has exercised its sovereign power and imposed these penalties as an additional charge or punishment for delinquencies upon the part of the taxpayer in order to hasten the payment of the taxes due. The penalty is not created by the levy of the tax, nor has the Legislature authorized the city or the county to impose the same. and the fund being created by the Legislature, it follows that the Legislature has the right to dispose of said fund to the same extent as other fines and penalties arising from the violation of other laws of the state or the failure to perform other duties, City of New Whatcom v. Roeder, 22 Wash. 570, 61 Pac. 767: Schultz v. Ritterbusch. Co. Treas., et al.. 38 Okla. 478, 134 Pac. 961." Board of County Commissioners v. Close Bros., 82 Okla. 174. 198 Pac. 845.

The books of the county treasurer and county clerk would show that there was appropriated $15,000 to this specific fund. The warrants should disclose this amount appropriated, and the warrants drawn upon this fund were not in excess of the amount appropriated; therefore it was the duty of the clerk to attest the same and the county treasurer to register the same.

It is unnecessary to pass upon the various constitutional questions raised, as these defenses are not available to the officers in the instant case for failure to do a ministerial act, to which there is no discretion.

The acts of the county treasurer and the county clerk in attesting and registering the warrants being ministerial, the funds having been appropriated for this specific purpose, there is no legal reason why they should not attest and register the same.

For the reasons stated, the judgment of the court, in so far as the writ of mandamus demands that the clerk attest the warrant and the county treasurer register the same, is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.