CITY OF SHAWNEE v. EPPLE et al.

No. 30079.   Jan. 28, 1941.

*110 P. 2d 608.*

Randall Pitman, of Shawnee, for plaintiff in error.

Chas. E. Wells, of Shawnee, for defendants in error.

GIBSON, J.   This is an action in mandamus commenced in district court by the defendants in error as owners of certain sewer improvement warrants issued by the city of Shawnee, to compel the local county treasurer to deliver to them certain money then in his hands representing the delinquent statutory interest due on said warrants and allegedly collected at a county resale of the particular realty for delinquent ad valorem taxes, special assessments and interest, penalties and costs.

The city on being made a party answered the alternative writ asserting its claim to 10/18ths of the interest aforesaid under the provisions of section 6052, O. S. 1931, 11 Okla. Stat. Ann. § 279. The claim was denied and peremptory writ issued directing the treasurer to deliver to plaintiffs the entire sum representing said delinquent interest. The city has appealed.

The action was submitted on an agreed statement of facts showing in substance that the warrants in question were issued in 1928, and that the real estate affected thereby was sold at resale in 1939 for the delinquent ad valorem and sewer taxes. The sale failed to bring the amount of all taxes due thereon, and the county treasurer in an apparent effort to comply with section 6, art. 31, ch. 66, S. L. 1939 (68 Okla. Stat. Ann. § 432-e), apportioned the proceeds of the sale, after deducting costs, "ratably between the ad valorem and special improvement tax accounts in the same ratio such proceeds bear to the total tax published as due for such sale." The principal due on the warrants was approximately $13,000, and the interest at 18%, as provided by said section 6052, amounted to $23,000. It was agreed that the recovery of principal on the warrants at the sale was $1,403.04 and the interest $2,482.24. Then the treasurer, acting under the assumption that the apportionment of the sum collected as interest was governed by section 6052, credited 8/18ths thereof to the warrant owners and 10/18ths to the city. The trial court awarded all the interest to the plaintiffs

as owners of the warrants, and the city charges error.

Said section 6052 provides in part as follows:

"Provided, that, in case any certificate or part of any certificate of indebtedness issued in payment of such sewer construction be allowed to become delinquent, such certificate shall draw interest upon such delinquency at the rate of eighteen per cent. per annum, and when collected eight per cent. of such interest shall be paid to the then legal holder of such certificate, or any coupon thereof, and ten per cent. shall be paid to the city that caused to be issued said certificate, which amount shall go to a fund, to be used for the extension and reconstruction of main and submain sewers."

The city argues that since the regular interest on the sewer warrants was 8 per cent., the remaining portion of the 18 per cent. constituted penalty, and when collected at a resale or otherwise the 10/18ths of the sum collected as interest, or penalty, should be paid to the city as was provided by said section 6052. Seymour v. Oklahoma City, 38 Okla. 547, 134 P. 45, 47 L.R.A. (N. S.) 702.

Plaintiffs contend that section 6052 contemplates only such interest as is collected on payment or redemption without resale, and does not affect sums apportioned to delinquent interest out of the resale funds when the sale brings less than the principal due. They say the Legislature clearly recognized this situation when it enacted section 6, art. 31, ch. 66, S. L. 1939, above. That section, they assert, clearly indicates an intention to make provision, where none had existed before, for the distribution of the proceeds of sale where the warrant holder failed to realize his principal investment, where actually no interest was recovered, and that it was intended the holder should receive his portion of the principal with all interest accrued thereon up to the point where his recovery equals the principal due, with 8 per cent. interest thereon. That is to say, the city is en-

titled to none of the interest until the holder of the warrant is paid in full, both principal and 8 per cent. interest. The trial court so held.

Section 6, above, provides as follows:

"Moneys received by the county treasurer at resale from individual purchasers, not redemptioners, shall nevertheless be deemed to be collections of tax, and, if no redemption be had before issuance and delivery of deed therefor, the tax moneys so collected, not including excess proceeds to be held for the owner thereof, shall be credited and apportioned as such taxes would have been apportioned had they been paid in the proper time and manner, and the moneys so collected representing penalties on ad valorem tax, listing fees and publication costs shall be credited to the 'Resale-Property Fund' of such county as hereinafter provided. In instances where vacant lots are offered for sale for both ad valorem taxes and special improvement taxes, but are sold for less than the total sum due, the county treasurer shall, after deducting the listing fees and publication costs, apportion the proceeds of such sale ratably between the ad valorem and special improvement tax accounts in the same ratio such proceeds bear to the total tax published as due for such resale."

The property here affected consists wholly of vacant lots.

The Seymour Case, above, is of little aid here. It was there held that under the law then in force (sec. 990, Laws 1909), the 10 per cent. interest added after delinquency constituted a penalty, and on redemption by the property owner, the city, and not the warrant holder, was entitled to said 10 per cent.

The plaintiffs do not criticize that case, but merely state that it may apply only where the amount of the warrant and the accrued interest at 18 per cent. are paid in full.

It is our opinion, however, that the trial court was in error in the instant case. Section 6052 does not purport to make a distinction between the collection of special improvement tax by re-

demption and collection by resale of the property. Nor does the section purport to exclude from its operation the sums collected by way of resale where the proceeds are less than the amount due. And we may say the same thing regarding the first portion of section 6, above.

The last portion of said section 6 does, however, specifically mention the manner in which distribution of the fund derived from resale of vacant property shall be made where the receipts are less than the amount due. But we see no special significance in this, except that it constitutes a specific direction to the treasurer to withhold the listing fees and publication costs in making the apportionment of the fund. After withholding the costs aforesaid, the apportionment must be made according to the "total tax published as due for the resale." The term "total tax" as used here is defined in the section providing for notice of resale as "the total amount of all due and unpaid taxes, penalties, interest and costs." Section 3, art. 31, ch. 66, S. L. 1939. In preparing the notice this total tax should include the 8 per cent. and the 10 per cent. interest items. The latter item is never assessed for the benefit of the warrant holder, but for the city issuing the warrants, and if collected it is the exclusive property of the city. The county treasurer maintains, or should maintain, a separate account of the ad valorem tax with the interest and penalties, and a separate account of the special improvement tax, and interest and penalty. Following the resale the treasurer, after deducting the expense aforesaid, apportions the proceeds of the sale to these accounts "in the same ratio such proceeds bear to the total tax published as due for such resale."

The city has an interest in the special improvement tax account as set up by the county treasurer for the reason that its 10 per cent. penalty was included in the total tax published as due

at the resale along with the 8 per cent. interest of the warrant holder. Section 6 does not say that the city shall be excluded from participation in the fund where the lots are sold for less than the amount due. Had the Legislature so intended, the provision could have been easily inserted in the statute. The section simply provides that the proceeds shall be apportioned to the ad valorem and special improvement tax accounts. The city was part owner of the latter account. It is entitled to participate in the distribution thereof to the extent of its pro rata share.

The judgment of the trial court is reversed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.