**CAHILL et al. v. HOVENDEN et al.**

**CITY OF BRISTOW v. HOVENDEN.**

Nos. 2482, 2528.

Circuit Court of Appeals, Tenth Circuit.

Dec. 2, 1942.

See, also, D.C., 34 F.Supp. 674.

W. L. Cheatham, of Bristow, Okl., for appellants.

Arnold T. Fleig, of Oklahoma City, Okl., for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The City of Bristow, Oklahoma, levied an assessment against the abutting property in a described district and issued paving bonds payable solely out of the proceeds of such assessment. The city owned six separate tracts or parcels of such property and

they were included in the assessment. Default was made in the payment of some of the bonds, and H. C. Hovenden, owner of eight of such delinquent bonds aggregating $4000, instituted an action against the city. The complaint alleged the creation of the improvement district, the levying of the assessment, the issuance of the bonds, plaintiff's ownership of the eight bonds, the default in payment of the bonds, the city's ownership of the six tracts or parcels, the delinquency of the installments of the assessment against all of such tracts or parcels for the years 1933, 1935, 1936, and 1937, the like delinquency against two of such tracts or parcels for the year 1934, the failure and refusal of the city to make provision as required by law for the funds with which to pay such installments, and the prosecution of the action for the benefit of plaintiff and all others similarly situated. The prayer was for judgment for the principal of the past due installments, together with penalty thereon from their respective due dates at the rate of twelve per cent per annum.

Hovenden, on relation of the city, later instituted a separate action in which the complaint contained thirty-three separate causes of action, each cause being against one or more separate defendants and involving one or more lots or parcels of land. In each cause the complaint alleged the creation of the district, the levying of the assessment, the issuance of the bonds, the default, plaintiff's ownership of eight past due and unpaid bonds, ownership by the defendant or defendants of particularly described tract or tracts, and the delinquency of the assessment for specified years. The last cause of action was against the city and was substantially identical with that pleaded in the first case. The prayer was for judgment in rem against the several properties for the amount of the respective delinquent installments, declaring the lien to be first and prior, foreclosing such lien, ordering the property sold in the manner provided by law, and for general equitable relief. In respect to the city, the prayer among other things was for judgment as prayed in the other action then pending in the court. The city filed a separate answer in each case; other defendants answered in the latter case; and the two cases were consolidated for trial.

As between plaintiff and the defendant city, the court entered a separate judgment in the two cases consolidated, separate and apart from the other parties and issues.

The judgment was for plaintiff, in rem against the city on the six tracts, for the amount of the delinquent installments of the assessment, with penalty-interest on each installment from its maturity at the rate of twelve per cent per annum; it provided that payment thereof should be made to the city treasurer and be by him placed to the credit of the street improvement district; and further provided that jurisdiction of the cause be retained for such other and further action as might be necessary to effectuate such judgment. In the second case the court entered judgment for plaintiff establishing and foreclosing the lien against the respective properties, other than the six tracts owned by the city, together with penalty-interest thereon. The judgment provided that in each instance payment might be paid to the city clerk; directed that the clerk remit all such sums paid him to the city treasurer to be placed to the credit of the improvement district, and that appropriate entries then be made releasing the judgment and cancelling the lien; that in instances where payment was not made within six months thereafter the property be sold; that after payment of costs the proceeds of the sale be paid to the city treasurer and be by him placed to the credit of the improvement district and the residue, if any, be paid to the clerk of the court to await the further order of the court; and that the court retain jurisdiction of the cause for such further orders as might be required. Certain defendants appealed from this judgment; and the city perfected a separate appeal from the separate judgment against it.

■ The jurisdiction of the court is challenged for want of complete diversity of citizenship. The complaint in the first case alleged that plaintiff was a resident and citizen of Illinois and that the defendant was a municipal corporation organized under the laws of Oklahoma and was a resident and citizen of such state; and the complaint in the second case alleged that plaintiff Hovenden was a resident and citizen of Illinois, and that the defendants were each and all residents and citizens of Oklahoma. The argument is that the city was a necessary and indispensable party plaintiff in the second case and therefore there was a lack of complete diversity of citizenship. The action was a special statutory proceeding in the nature of a class action prosecuted by plaintiff for the benefit of himself and all others similarly situated, and

plaintiff and other owners of delinquent bonds were the real parties plaintiff in interest as to their own rights. The city was merely a formal party plaintiff, not necessary to the complete adjudication of the rights of the real parties in interest; and, there being complete diversity of citizenship between the real parties plaintiff and the defendants, the joinder of the city as a formal party plaintiff did not oust the court of jurisdiction. Hann v. City of Clinton, 10 Cir., 131 F.2d 978.

■ The jurisdiction of the court is drawn in question on the further ground that there was a lack of the requisite amount in controversy. The complaint in the first case disclosed that the delinquent installments of the assessment against the six tracts owned by the city were less than $3000, exclusive of interest. The assessment was levied and the bonds issued under the provisions of chapter 173, Laws of Oklahoma 1923. Section 23 thereof, 11 O.S.1941 § 103, provides that the assessment shall be payable in ten equal annual installments and shall bear interest at seven per cent per annum until paid; and section 25, 11 O.S.1941 § 105, provides that in the event any installment or interest is not paid when due, such installment and the unpaid interest thereon shall draw interest at the rate of twelve per cent per annum from maturity until paid, except as otherwise thereinafter provided. While the charge of twelve per cent per annum is denominated interest in the statute, it is in essence an exaction in the nature of a penalty prescribed for the nonpayment of the installments as and when they become due. Shultz v. Ritterbusch, 38 Okl. 478, 134 P. 961; Whitehead v. Mackey, 62 Okl. 188, 163 P. 124; Cf. Runnels v. City of Oklahoma City, 150 Okl. 292, 1 P.2d 740; Straughn v. Berry, 179 Okl. 364, 65 P.2d 1203; City of McAlester v. Jones, 181 Okl. 77, 72 P.2d 371. A charge or penalty of that kind is intended to induce prompt payment of the installments as they mature in order to provide the fund with which to pay the bonds as they become due. Cf. Drummond v. Drummond, 49 Okl. 649, 154 P. 514; Estes v. State, 83 Okl. 181, 200 P. 1002. And such a charge or penalty should be added to the principal of the delinquent installments in determining the question whether the requisite amount was in controversy. Kansas City Southern Ry. Co. v. Ogden Levee District, 8 Cir., 15 F.2d 637. The delinquent installments, exclusive of interest, and the statutory penalty

aggregated more than $3000; and therefore the amount requisite to jurisdiction was in controversy in that case.

 The complaint in the second case alleged that plaintiff Hovenden owned delinquent bonds aggregating $4000, and it further alleged in each cause of action that delinquent installments of the assessment in the respective amounts stated were more than twelve months past due. The installments in each separate cause of action were less than $3000, but all of them in the several causes totaled far more than that amount. The specific contention is that the action was one in rem against each defendant and each tract separately on a separate and several liability, and hence the amount requisite to jurisdiction was not in controversy. In a special statutory class action of this nature, the aggregate amount of the unpaid bonds, and the aggregate amount of the fund sought to be produced for the benefit of all bondholders by the enforcement of the lien, determine the question whether the required amount is in controversy, not the amount of the bonds owned by plaintiff alone to the exclusion of other delinquent bonds owned by others, or the amount of the unpaid installments of the assessment against the lots or parcels of one defendant to the exclusion of those against other lots or tracts in the improvement district in different ownership. Hann v. City of Clinton, supra. The amount requisite to jurisdiction was in controversy in that case. Hann v. City of Clinton, supra.

 It is contended that the installments in each cause of action which became due in 1936 and prior years were barred by the second subdivision of 12 O.S.1941 § 95, which provides that any civil action upon a liability created by statute other than a forfeiture or penalty shall be commenced within three years after the cause of action shall have accrued and not afterwards. The last annual installment of the assessment was due on or before September 1, 1937, the bonds were payable in numerical order on or before October 1, 1937, the action against the city alone was instituted in February, 1940, and the class action was instituted in September, 1940. All of the installments in question except those which matured in 1937 were more than three years past due at the time of the institution of the respective actions. But the general three year statute of limitations on which reliance is placed has

no application to actions of this kind. Hann v. City of Clinton, supra.

The judgments are severally affirmed.